OPINION
Defendant-appellant Harry O'Connor appeals from the judgment of the trial court which found him to be a sexual predator. On appeal, O'Connor raises ten assignments of error, nine of which challenge the constitutionality of Ohio's sexual predator law. The first argument was addressed and rejected by the Ohio Supreme Court, State v. Cook (1998), 83 Ohio St.3d 404, and this court recently addressed and rejected eight others, State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. For purposes of this opinion, therefore, we need address only the third assignment of error. We find that the record provides insufficient evidence to support the sexual predator determination, so we vacate the judgment of the trial court for the reasons that follow.
O'Connor's first assignment of error states:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATED ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This argument was recently rejected by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404. Accordingly, this assignment is overruled.
Assignments of error number two and four through ten raise other constitutional arguments as follows:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION [sic], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT'S TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180 AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
In State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, this court, relying upon State v. Cook, supra, rejected the identical argument raised in each one of these assignments. We agree with Wards analysis of these issues and overrule the above eight assignments of error.
O'Connor's third assignment of error states:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE: "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
The third assignment of error contends that the trial court erred in adjudicating O'Connor to be a sexual predator because the record does not show by clear and convincing evidence that O'Connor was "likely to engage in the future in one or more sexually oriented offenses" as required by R.C. 2950.01(E). We agree that the record does not support this element, so we sustain O'Connor's third assignment of error.
The record in this case reflects that following a jury trial, O'Connor was convicted on August 31, 1983, of two counts of aggravated burglary, R.C. 2911.11; one count of felonious assault, R.C. 2903.11; and two counts of rape, R.C. 2907.02. He was acquitted of two additional counts of rape, R.C. 2907.02, and one amended count of theft, R.C. 2913.02. His sentences were ordered to run consecutively.
In his direct appeal, this court reversed O'Connor's conviction on one count of aggravated burglary for insufficient evidence but otherwise affirmed the remainder of his convictions. State v.O'Connor (May 28, 1984), Cuyahoga App. No. 47549, unreported.
Pursuant to R.C. 2950.09(C)(1), the Ohio Department of Rehabilitation and Correction brought this case to the attention of the Common Pleas Court. In response, the trial court then scheduled a hearing to determine whether O'Connor should be adjudicated as a sexual predator, pursuant to R.C. 2950.09(C)(2).
"Sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape, in violation of R.C. 2907.02, is a sexually oriented offense. R.C.2950.01(D)(1). Felonious assault, in violation of R.C. 2903.11, is a sexually oriented offense if it is committed with a purpose to gratify the sexual needs or desires of the offender. R.C.2950.01(D)(3).
To determine whether O'Connor is a sexual predator, R.C.2950.09(C)(2) directs the trial court to consider all relevant factors, including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2).[1] From the record before us, we see no indication that the trial court considered any factors other than the facts of the underlying offenses in this case. The court included a copy of the victim's statement in the record and summarized its contents as follows:
 In the course of the statement I will summarize this in detail by the defendant basically stalking the victim in this case, who was his ex-wife; breaking into her home, and over the course of a ten-hour period, basically terrorizing her, strangling her until she passed out, repeatedly raped her and beating her. When the defendant passed out, she was able to leave the home and seek help.
(Tr. 5-6.)
Neither the prosecutor nor O'Connor offered any information relevant to determining whether O'Connor should be adjudicated a sexual predator.[2] By design or default, the trial court marshaled the evidence it presumably considered appropriate and declared O'Connor to be a sexual predator.
There is no indication that the trial court considered the factors enumerated in R.C. 2950.09(B)(2). We have nevertheless examined the record in light of the proceedings before the trial court and in light of the statutory factors in R.C.2950.09(B)(2)(a) through (j)
 (a) O'Connor was 33 years old on the date of the crimes in June 1983 and was almost 48 years old at the time of his sexual predator hearing in December 1997.
 (b) Nothing in the record reflects whether O'Connor had a prior criminal record of any kind.
 (c) The victim, who was O'Connor's ex-wife, appears to have been 27 years old on the date of the offenses in 1983.
(d) The offenses did not involve multiple victims.
 (e) It does not appear from the record that O'Connor used drugs or alcohol to impair the victim or to prevent the victim from resisting.
 (f) We have no information that indicates whether O'Connor completed any prior sentence or whether O'Connor participated in any programs available for sexual offenders.
 (g) We have no information to indicate whether O'Connor has any mental illness or mental disability.
 (h) With regard to the nature of O'Connor's sexual conduct with the victim, the facts[3] are as follows: O'Connor broke into the home of his ex-wife, grabbed her arm, and told her that they were going to talk. After exchanging harsh words for 10 or 15 minutes, O'Connor became angry and grabbed the victim by her throat. She fell to the floor and O'Connor struck her. He then forced the victim into a bedroom and compelled her to have vaginal intercourse. O'Connor obtained a knife from the kitchen and, holding it to the victim's throat, forced her to have intercourse three more times. O'Connor fell asleep and his victim was able to escape to call the police.
 Apart from the facts of the underlying crimes, we have no other information as to whether the sexual conduct was part of a demonstrated pattern of abuse.
 (i) This evidence does suggest that O'Connor displayed cruelty or made one or more threats of cruelty during the commission of the sexually oriented offenses.
 (j) We have no information as to any additional behavioral characteristics that contribute to O'Connor s conduct.
After having reviewed the record before us, we have doubts as to whether the trial court considered the factors enumerated in R.C. 2950.09(B)(2) before making its adjudication. Moreover, we do not find sufficient evidence that addresses whether O'Connor was "likely to engage in the future in one or more sexually oriented offenses," R.C. 2950.01(E). The statute's minimum requirements, therefore, have not been established.
We have no doubt that there may be times when the circumstances of an underlying sexually oriented offense may tend to suggest that the offender is likely to commit such offenses in the future. But while the evidence in this case shows that O'Connor committed sexually oriented offenses, it does not necessarily establish by clear and convincing evidence that O'Connor is more likely than not predisposed to commit another sexually oriented offense. See State v. Ward, supra, at p. 13. As we said in Ward:
 [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended [that result], it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
Ward, at p. 12. Moreover, as we also said in Ward, "the statute is not "one strike and you're out." Id.
Because the record in this case does not show by clear and convincing evidence that O'Connor was "likely to engage in the future in one or more sexually oriented offenses," R.C.2950.01(E), the trial court's adjudication of O'Connor as a sexual predator is hereby vacated.
The third assignment of error is well taken.
Judgment vacated.
This cause is vacated.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, JUDGE.
JAMES M. PORTER. A.J., and
ANNE L. KILBANE. J., CONCUR.
[1] While the trial court is not required to list the criteria in R.C. 2950.09(B)(2) in making its findings, it is directed to consider all relevant factors including those contained in R.C.2950.09(B)(2). See State v. Cook, supra, 83 Ohio St.3d at 426.
[2] O'Connor had apparently requested that he be given a psychological and psychiatric examination for this proceeding, although no such motion is contained in the record before us. The trial court declined that request, stating: "[T]he Court believes, with regard to the underlined [sic] fact pattern at the case at hand. [sic] Any other materials that are a matter of record that the Court can determine whether or not the defendant should be classified as a sexually oriented offender, and the need of a psychological expert would be not relevant with regard to the defendants future conduct, or no more reliable, in the Courts opinion, based on factual matters presented to it regarding future conduct of the defendant. That motion is denied." (Tr. 4-5.) O'Connor does not assign any error in the courts denial of his request for an examination, so we have no occasion to consider it. 
[3] These facts were recited in the appellate opinion reviewing O'Connor's convictions. State v. O'Connor, op. cit.